David L. Mazaroli
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o Perrigo Company | : ECF CASE |
| Plaintiff, | : 11 Civ. 1395 (DAB) |
| - against - | : **COMPLAINT** |
| EF TRUCKING LLC; BRINK TRUCK LINES INC.; | : |
| Defendants. | : |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and federal statutes and federal common law related thereto. Concurrently there is diversity, pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

2. Plaintiff seeks recovery for defendants' breaches of contract and torts. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

3. Plaintiff Indemnity Insurance Company of North America ("IINA") is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania. Plaintiff maintains an office at 140 Broadway, New York, New York, and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of Perrigo Company, and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

4. Defendants E F Trucking LLC ("E F Trucking") and Brink Truck Lines, Inc. ("Brink") are believed to be corporations organized under the laws of, and with their principal places of business in, the State of Michigan.

5. Brink and E F Trucking operate as, and are in the business of providing services as, interstate common carriers of cargo for hire, including with respect to shipments moving to, from and through the State of New York and this district, and were at all material times receiving carriers, delivering carriers, forwarders, and/or the carriers responsible for the loss under the Carmack Amendment.

6. Brink and E F Trucking have statutorily required designated agents for service of process in New York and are therefore subject to jurisdiction in New York.

7. This action involves nondelivery, shortage and loss to a shipment of vitamins, dietary supplements, and other pharmaceutical products (hereinafter the "Shipment") which was received into defendants' custody for intended truck carriage from Martin, Michigan, to San Marcos, Texas, as described more fully in a certain bill of lading believed to be 30042341-1 dated on or about March 1, 2010, and others. (Load No.: 16267559)

8. Said nondelivery, shortage and loss was the result of defendants' reckless failure to properly carry and care for the Shipment during the subject interstate road transportation and their fundamental breaches of, and unreasonable deviations from, the governing carriage contract.

9. The nondelivery, shortage and loss to the Shipment was not caused by events which would constitute, or give rise to, an "Act of God" defense or exception to liability.

10. The nondelivery, shortage and loss to the Shipment was not caused by events which would constitute, or give rise to, an "Act of Public Enemy" defense or exception to liability.

11. The nondelivery, shortage and loss to the Shipment was not caused by events which would constitute, or give rise to, an "Act of Public Authority" defense or exception to liability.

12. The nondelivery, shortage and loss to the Shipment was not caused by the fault of the shipper or owner of the Shipment.

13. The nondelivery, shortage and loss to the Shipment was not caused by the inherent nature of the Shipment.

14. The nondelivery, shortage and loss to the Shipment was not caused by an inherent vice in the Shipment.

15. The nondelivery, shortage and loss to the Shipment was not caused by events or circumstances which would give rise to a defense or exception to liability under the Carmack Amendment.

16. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $317,889.73, no part of which has been paid although duly demanded.

17. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18. Plaintiff has performed all conditions precedent required of it under the premises.

## SECOND CAUSE OF ACTION

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of this complaint.

20. On or about March 1, 2010 the Shipment was delivered in good order and condition into the custody and control of defendants for purposes of carriage to the agreed destination.

21. Defendants failed to deliver the Shipment at the agreed destination and no subsequent delivery has been tendered.

22. As a result of the aforesaid, defendants E F Trucking and Brinks are liable to plaintiff as common carriers, forwarders, warehousemen, and/or bailees for hire.

## THIRD CAUSE OF ACTION
(Alternative Cause of Action Against Brink)

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of this complaint, and alleges as follows as an alternative cause of action as to Brink.

24. The loss of the shipment in suit was caused in whole or in part by Brink's failure to properly provide and or arrange transportation services for the shipment in suit,

including the failure to exercise due care in (a) the arranging of the carriage of the shipment by road; (b) the selection of a competent, qualified, and/or properly insured motor carrier; and (c) the instructing, monitoring and supervising of the hired motor carrier with respect to the carriage of the shipment.

25. Accordingly, even if defendant Brink alleges that it acted as a "broker" or third-party logistics service-provider, instead of a Carmack Amendment carrier or forwarder, it is liable to plaintiff for breach of the duties outlined in Paragraph 24.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

a) for the sum of $317,889.73;

b) for prejudgment interest at the rate of 9% per annum;

c) for the costs of this action;

d) for such other and further relief as this court deems proper and just.

Dated:   New York, New York
         March 1, 2011

                    Law Offices
                    DAVID L. MAZAROLI

                    *s/David L. Mazaroli*
                    _____
                    David L. Mazaroli
                    Attorney for Plaintiff
                    11 Park Place - Suite 1214
                    New York, New York 10007
                    Tel. (212)267-8480
                    Fax: (212)732-7352
                    E-mail: dlm@mazarolilaw.com
                    File No. 10G-2021